UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 10-10118-GAO

JOSEPH P. BOLDIGA,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

ORDER
July 29, 2013

O'TOOLE, D.J.

On August 10, 2010, the petitioner, Joseph P. Boldiga, waived indictment and pled guilty to an information charging him with three counts of mail fraud in violation of 18 U.S.C. § 1341. He was sentenced to 41 months imprisonment followed by three years of supervised release. Boldiga now moves the court to vacate his sentence pursuant to 28 U.S.C. § 2255.

In his motion to vacate, petitioner claims he received ineffective assistance by his counsel because: (1) counsel allowed him to plead guilty without obtaining any considerations from the government concerning his potential sentence; (2) counsel did not object to the Presentence Report ("PSR") or file a sentencing memorandum; and (3) counsel did not effectively represent the petitioner's critical health issues at sentencing.

To establish ineffective assistance of counsel, petitioner must demonstrate both that "counsel's representation fell below an objective standard of reasonableness," and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A lawyer's representation falls below an objective standard of reasonableness when "counsel's choice was so patently unreasonable that no competent attorney would have made it."

Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (internal citations and quotations omitted). Prejudice exists when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 66 (internal citations and quotations omitted). There is "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and represents sound trial strategy." Jewett v. Brady, 634 F.3d 67, 75 (1st Cir. 2011) (quoting Strickland, 466 U.S. at 689).

      Here, petitioner's claims are clearly refuted by the record. At his arraignment and plea, the petitioner acknowledged, among other things, that he had discussed the sentencing guidelines with his lawyer and that he understood the process by which the court imposes a sentence. He also acknowledged that he had not received any assurances, promises, or commitments from the government to induce him to plead guilty, so the question whether he had received any "considerations" regarding sentencing was directly brought to his attention. If he had an issue about that he could have addressed it at that time.

      At sentencing, the PSR prepared by the Probation Department devoted five pages to the various details of the petitioner's health conditions. This included a detailed summary of his physical limitations, a list of his medications and supplements, a list of his five treating physicians, and an assessment of his mental health. His counsel objected to the PSR on the grounds that it did not conclude that these health conditions should warrant a downward departure. In his objection, counsel also attached additional information from one of the petitioner's doctors. Further, review of the sentencing transcript reveals that counsel advocated for petitioner and presented a statement from his wife, a nurse, about his conditions.

      Finally, counsel argued vigorously for the petitioner to be sentenced to home confinement instead of imprisonment.

The record completely fails to support the claim that his counsel's representation fell below the objective standard of reasonableness required by <u>Strickland</u>.

For the reasons set forth herein, petitioner's motion to set aside his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 52) is DENIED.

A certificate of appealability with respect to Joseph Boldiga's motion under 28 U.S.C. § 2255 is DENIED because the petitioner did not make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

                                                           /s/ George A. O'Toole, Jr.   
                                                           United States District Judge